G. H. A. KUNST, Judge.
Claimants allege that respondent, without notice or asserting that a fence on their land bounding the right of way of respondent obstructed same or constituted a nuisance, deliberately destroyed it and they ask an award of $30.25, the cost of replacing the fence.
Witnesses, officials of respondent, state that a search of the records of the office of the clerk of the County Court of Pen-dleton county, West Virginia, in which said land and right of way are located, made by witnesses, assisted by the clerk of said court, showed that in the year 1859 this road was established in accord with the statute, but that no report was found, giving its location and width, which report was thought by the clerk to have been destroyed by a fire which burned the court house. The court record found, determines the fact that this right of way of respondent was not acquired by dedication or *412 prescription and consequently the presumption does not arise that its width was fifteen feet on each side from center of traveled way.
It was proven that the fence had been in existence for twenty-five years and probably a much longer time and during that period kept up and maintained by claimants and former owners of the land. The plats filed as exhibits by respondent and evidence of its witnesses show the right of way here and its extensions to be twelve to fifteen feet in width; that the fence extends for over nine tenths of its length along and near the bank of a creek; which bank is acute and its top forty to sixty feet from the bed of the creek, making it very improbable'that the right of way extended beyond the fence and not feasible to extend its width on that side. It is not shown that the opposite side of the road is fenced but it is shown that the width of the road could be increased to the statutory requirements on that side.
It might have been possible to determine the established width of this road by the records of the court as to the width of rights of way through adjoining tracts of land, or by surveys of claimants’ land and land on opposite side of the right of way, but no such evidence was produced. However, it is proven by evidence of claimants and also by respondent’s witnesses that the fence was and now is on the land of claimants and does not constitute an obstruction to the right of way. It is admitted that notice was not served on claimants to remove fence as an obstruction and that previous use of a grader by respondent on the road, by piling dirt on the fence, had narrowed the traveled way and the weight of dirt had probably been the cause of the bank of creek giving way at one point back to the traveled way necessitating destruction of fence in order to use a grader and the placing of large stones on creek bank to hold the berm of roadway at place where broken.
The promise of one of respondent’s officials, but not kept, that the fence would be replaced evidenced that there was *413 no legal justification for the destruction of fence. An award is made to claimants for thirty dollars and twenty-five cents ($30.25), the amount shown to have been the cost of rebuilding the fence.